UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Boyd and Company, LLC, | Case No. 17-cv-0178 (WMW/LIB) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Tom's Backhoe Service, Inc., et al. | |
| Defendants. | |

This matter is before the Court on the November 30, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 56.) The R&R recommends denying Defendant Prairie Winds Services, LLC's motion to dismiss Defendant Tom's Backhoe Service, Inc.'s cross-claim for breach of contract and granting the motion to dismiss Tom's Backhoe's cross-claim for negligence.[1] Both defendants filed timely objections to the R&R.[2] For the reasons addressed below, the Court overrules the objections and adopts the R&R.

---

[1]   For this motion, Prairie Winds is a cross-defendant seeking to dismiss cross-claims asserted by Tom's Backhoe.

[2]   Because Prairie Winds electronically filed its objections to the R&R on December 12, 2017, Tom's Backhoe's December 29, 2017 response to Prairie Winds's objections is untimely and will not be considered. *See* LR 72.2(b)(2) (providing that a party may respond to another party's objection within 14 days after service).

## BACKGROUND[3]

In February 2016, Tom's Backhoe entered into a contract with the City of Brainerd, Minnesota, to install underground piping for utility services. Tom's Backhoe subsequently subcontracted with Prairie Winds to perform directional drilling on the project. Because Prairie Winds threatened to abandon its work when Tom's Backhoe questioned whether Prairie Winds possessed the equipment and personnel to complete the directional drilling, Tom's Backhoe permitted Prairie Winds to subcontract with Plaintiff Boyd and Company, LLC. Tom's Backhoe alleges that "there were substantial problems" with the directional drilling work that Prairie Winds and Boyd negligently performed. In October 2016, Boyd served a written demand for payment on Defendant Travelers Casualty and Surety Company of America, which had issued the payment bond on the project. Travelers denied Boyd's claim, and Boyd subsequently initiated this lawsuit seeking payment. Tom's Backhoe asserted cross-claims against Prairie Winds for breach of contract and negligence, which Prairie Winds moves to dismiss. *See* Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

To defeat a Rule 12(b)(6) motion to dismiss, a claimant must allege sufficient facts that, when accepted as true, state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations need not be detailed, but they must "raise a right to relief above the speculative level" in order to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

---

[3]   Additional relevant factual and procedural background is addressed in detail in the R&R and need not be repeated at length.

2

When determining whether a complaint states a claim for relief that is plausible on its face, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

For different reasons, both Prairie Winds and Tom's Backhoe object to the recommendation of the R&R to grant in part and deny in part Prairie Winds's motion to dismiss. Prairie Winds objects to the recommendation to deny its motion to dismiss Tom's Backhoe's cross-claim for breach of contract, arguing that the magistrate judge erred by declining to consider documents attached to Prairie Winds's motion to dismiss. Tom's Backhoe objects to the recommendation to dismiss its negligence claim, contending that Tom's Backhoe alleges negligence by Prairie Winds that exceeds a failure to perform contractual duties. The Court reviews these objections de novo and addresses each in turn. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

### I.    Prairie Winds's Objections

Prairie Winds objects to the recommendation to deny its motion to dismiss Tom's Backhoe's cross-claim for breach of contract. Prairie Winds maintains that the magistrate judge erred by failing to consider the documents attached to Prairie Winds's motion to dismiss. When these documents—purportedly the contracts governing the relationship between Tom's Backhoe and Prairie Winds—are considered, Prairie Winds contends, it is evident that Tom's Backhoe's cross-claim for breach of contract fails to allege the satisfaction of conditions precedent to Prairie Winds's contractual obligation of

performance. Prairie Winds asserts that this deficiency warrants dismissal of Tom's Backhoe's cross-claim for breach of contract.

Although matters outside the pleadings generally may not be considered when deciding a motion to dismiss, a district court may consider documents necessarily embraced by the pleadings. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Materials are necessarily embraced by the pleadings when a complaint alleges the contents of the materials and no party questions their authenticity. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). The contract on which a breach-of-contract claim rests ordinarily is embraced by the pleadings. *See Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014).

The R&R determines that the documents Prairie Winds attaches to its motion to dismiss are not necessarily embraced by the pleadings because Tom's Backhoe challenges the authenticity of the attached documents. Prairie Winds objects to this determination, arguing that Tom's Backhoe waived its authenticity challenge by failing to raise it until the hearing on the motion. For this reason, it was procedurally unfair for the magistrate judge to consider the authenticity challenge, Prairie Winds contends.

Prairie Winds's argument mischaracterizes the record. In its brief opposing Prairie Winds's motion to dismiss, Tom's Backhoe maintains that the reason the Court "must not consider the . . . alleged subcontracts" is because the documents are not the contracts governing the relationship between the parties. This is the same argument that Tom's Backhoe advanced during the hearing before the magistrate judge. Because Tom's Backhoe challenges the authenticity of the documents attached to Prairie Winds's motion

4

to dismiss, the R&R correctly determines that the attached documents are not necessarily embraced by the pleadings. Prairie Winds's objections are overruled.

## II. Tom's Backhoe's Objections

Tom's Backhoe objects to the recommendation to dismiss its negligence cross-claim against Prairie Winds for failure to allege that Prairie Winds breached a duty of care that is distinct from its duty to perform its contractual obligations. Tom's Backhoe argues that its negligence claim survives for two reasons. First, Tom's Backhoe contends that it alleges damages that arise from a breach of a duty of care that is beyond the scope of Prairie Winds's contractual obligations. Second, according to Tom's Backhoe, the magistrate judge erred by ignoring the legal authority Tom's Backhoe cited that supports the claim's survival.

Under Minnesota law, a plaintiff asserting a negligence claim must establish the existence of a duty of care, a breach of that duty, and an injury proximately caused by the breach. *Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014). Negligent breach of a contractual duty is not a claim that exists under Minnesota law. *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 584 (Minn. 2012) ("When a contract provides the only source of duties between the parties, Minnesota law does not permit the breach of those duties to support a cause of action in negligence." (internal quotation marks omitted)). Here, Tom's Backhoe alleges a contractual relationship with Prairie Winds in which Prairie Winds agreed to perform certain drilling operations. In support of its negligence cross-claim, Tom's Backhoe alleges that Prairie Winds caused extensive damage by negligently performing the drilling that it was contractually obligated to complete. But

simply alleging damages that exceed the scope of Prairie Winds's drilling operations does not establish a legally cognizable duty of care that is separate and distinct from Prairie Winds's contractual obligations.

The legal authority that Tom's Backhoe cites in support of its objection does not cure the substantive defect in its pleadings. Tom's Backhoe primarily relies on *Pacific Fire Insurance Co. v. Kenny Boiler & Manufacturing Co.*, which recognized that a contractee may hold a general contractor liable for the negligence of its subcontractor. 277 N.W. 226, 228 (Minn. 1937). But the circumstance here is distinguishable. Tom's Backhoe is not a contractee suing a general contractor for a subcontractor's alleged negligence. Instead, Tom's Backhoe is suing its own subcontractor for negligence. Tom's Backhoe neither cites, nor has this Court's research located, any case law that permits a general contractor to sue its subcontractor for *negligent* performance of the subcontractor's contractual duties.[4]

For these reasons, Tom's Backhoe's objections to the R&R are overruled, and its cross-claim for negligence is dismissed for failure to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6).

---

[4] Tom's Backhoe's reliance on *Waldor Pump & Equipment v. Orr-Schelen-Mayeron & Associates, Inc.*, 386 N.W.2d 375 (Minn. Ct. App. 1986), is equally unavailing. In *Waldor*, the Minnesota Court of Appeals held that an engineer providing "professional services" may be held to a duty of care independent from its contractual obligations to support a negligence claim. 386 N.W.2d at 377. But contractors like Prairie Winds are excluded under Minnesota law from the category of professionals held to such an independent duty for providing their services. *See, e.g.*, *City of Mounds View v. Walijarvi*, 263 N.W.2d 420, 423-24 (Minn. 1978) (distinguishing professional services performed by an architect from those performed by a contractor when holding architect to an independent duty of care).

6

Finally, this Court reviews those portions of the R&R to which no objections have been made for clear error.  *See* Fed. R. Civ. P. 72(b) 1983 advisory committee note; *Grinder*, 73 F.3d at 795.  Having reviewed those portions of the R&R to which no party objects, the Court concludes that the R&R is neither clearly erroneous nor contrary to law.

## ORDER

Based on the foregoing analysis, the November 30, 2017 Report and Recommendation, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Prairie Winds Services, LLC's objections to the Report and Recommendation, (Dkt. 59), are **OVERRULED**;

2. Defendant Tom's Backhoe Service, Inc.'s objections to the Report and Recommendation, (Dkt. 60), are **OVERRULED**;

3. The November 30, 2017 Report and Recommendation, (Dkt. 56), is **ADOPTED**; and

4. Defendant Prairie Winds Services, LLC's motion to dismiss the cross-claims of Defendant Tom's Backhoe Service, Inc., (Dkt. 36), is **GRANTED** as to the cross-claim for negligence and **DENIED** as to the cross-claim for breach of contract.

Dated:  February 7, 2018                                    s/Wilhelmina M. Wright
                                                                      Wilhelmina M. Wright
                                                                      United States District Judge