UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Boyd and Company, LLC,       Case No. 0:17-cv-00178 (WMW-LIB)

        Plaintiff,

    v.

Prairie Winds Services, LLC, Tom's Backhoe Service, Inc., and Travelers Casualty and Surety Company of America,

        Defendants.

# PRAIRIE WINDS' OPPOSITION TO TOM'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENAS (DOC 85)

## Introduction

Defendant Tom's Backhoe Services has filed a combined motion to: (1) quash subpoenas served by plaintiff Boyd and Company, and (2) make a second request for a protective order, this time asking that the Court prevent Boyd and Prairie from taking the depositions of Tom's witnesses in St. Cloud, Minnesota. Tom's argues that these depositions should take place in Brainerd, Minnesota, where defendant Tom's Backhoe Services has its home office.

This brief is being filed on February 7, 2018. As of February 7, Tom's has stated that its witnesses will appear in St. Cloud. Therefore, Tom's motion would appear to be moot. Prairie files this opposition brief only after Tom's attorney

1

confirmed that he intended to proceed with this motion in order to seek attorney's fees and costs.

The sole basis for Tom's request for a protective order is Tom's contention that its witnesses should not be required to travel approximately 60 miles to appear for depositions in St. Cloud. Tom's has not shown "good cause" for a protective order for at least two reasons. First, Tom's does not offer any *facts* supporting its argument. Instead, Tom's relies solely on the existence of a *presumption* that a *non-resident* defendant should ordinarily be deposed near the place of its residence. Second, Prairie and Boyd both offered to resolve Tom's objection by moving the depositions to the Brainerd area. Prairie even re-noticed the depositions for Baxter, Minnesota. But after Boyd and Prairie made this offer, Tom's objected to the sequence in which the witnesses were scheduled (but did not file a motion for a protective order on this issue). Believing that Tom's witnesses would not be appearing for the depositions as noticed, Boyd and Prairie re-noticed the depositions for St. Cloud in order to save time and money making a record of Tom's refusal to appear. Thereafter, Tom's agreed to have its witnesses appear in St. Cloud.

Tom's motion for a protective order should be denied for three reasons. First, Tom's has agreed to appear in St. Cloud and the depositions will have been completed by the time this motion is heard. Second, Tom's has not attempted to offer any factual basis for the requested protective order. Third, the Court should

not sustain Tom's objection to St. Cloud when Boyd and Prairie offered to hold the depositions in the Brainerd area.

### Argument

**I. Tom's motion to stay depositions should be denied because the pending motion to dismiss is not a reason to issue a protective order under Rule 26(c).**

Rule 26(c) permits the Court, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To establish "good cause," for its requested protective order, Tom's must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *In re RFC*, No. 13-3451, *5-6 (D. Minn., May 27, 2015) (internal quotations omitted).

Tom's motion for a protective order is based solely upon its argument that its witnesses should not be made to travel to St. Cloud, located approximately 60 miles away from Brainerd. The problem is that Tom's argument relies solely on a presumption that applies to *non-resident* defendants. But Tom's citation to a presumption does not mean that Tom's has shown that depositions in St. Cloud would result in "annoyance, embarrassment, oppression, or undue burden or expense." In that regard, Tom's has made no effort to make a showing on any of these grounds. In addition, the presumption that Tom's has cited in support of its argument fails to carry Tom's argument because, at least in the case cited by

3

Tom's, it applies to *non-resident* defendants. Tom's, however, is a resident of Minnesota.

In sum, Tom's has failed to point to any specific facts that would show "good cause" for its motion. The presumption cited by Tom's does not satisfy Tom's burden of proof. Even if it could, the presumption does not apply in this case because Tom's is not a "non-resident defendant."

**II. Tom's motion should be denied because Tom's stated that it would not appear even for the depositions as noticed, even if they occurred in Tom's preferred location of Brainerd.**

On January 31, 2018, after Tom's filed its motion for a protective order, Prairie and Boyd offered to change the location of their depositions from St. Cloud to the Brainerd area; specifically, Baxter, Minnesota. (Doc 92-1 at 1.) The next day, Prairie served amended deposition notices, changing the location of the objected-to depositions from St. Cloud to Baxter. (*Id.* at 4.)

Later that afternoon, Tom's responded that its witnesses would appear in Baxter, but then unilaterally changed the schedule of witnesses. Specifically, Tom's attorney stated that Tom Thompson, originally scheduled for Friday, February 9, would instead be made available on February 7. (*Id.* at 7-8.) On February 2, 2018, Prairie's attorney requested additional details about Tom's proposal to change the dates of its witnesses. (*Id.* at 9.) Prairie wrote two more emails after Tom's attorney failed to respond. Later in the afternoon, Prairie asked Tom's to confirm that it did not intend to appear for the depositions according to

4

the dates and times in the deposition notices. (*Id.*) Three days later, Prairie notified Tom's attorney that Prairie and Boyd intended to take the depositions in St. Cloud given Tom's apparent position that it did not intend to honor the dates and times set forth in the deposition notices. (*Id.*). Finally, Tom's attorney responded to Prairie's email, stating that Tom's witnesses *would* in fact appear in St. Cloud as noticed. (*Id.* at 11.)

To summarize, Tom's motion argues that its witnesses should be deposed in Brainerd and relieved of the obligation to appear 60 miles away in St. Cloud. In an effort to resolve this dispute, Prairie and Boyd offered to move he depositions to the Brainerd area. After having its demand met, Tom's raised another objection not raised its in motion, this time objecting to the order in which Prairie had noticed Tom's witnesses. Given Tom's statements that it would not appear for depositions as noticed, even if held in Brainerd, Prairie and Boyd moved the depositions back to St. Cloud in order to minimize the cost of making a record.

Given Boyd and Prairie's efforts to meet Tom's objection, any burdens associated with holding depositions in St. Cloud are now entirely self-inflicted. Tom's motion should be denied.

5

Dated: February 7, 2017                s/ Ted Roberts
                                       Ted Roberts
                                       MN Bar Number 31318X
                                       Attorney for Defendant Prairie Winds
                                       Services, LLC

                                       Ted Roberts PLLC
                                       PO Box 270915
                                       Golden Valley, MN 55427
                                       (612) 590-3547
                                       ted@tedrobertslaw.com